Michele R. Stafford, Esq. (SBN 172509)
Adrian L. Canzoneri, Esq. (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
acanzoneri@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGRITY COMPANY, INC., dba INTEGRITY PAINTING, a California corporation; JAMES S. BURNS, an Individual<br><br>Defendants. | Case No.: C15-00669 MMC<br><br>**JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Bay Area Painters and Tapers Pension Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendants Integrity Company, Inc. dba Integrity Painting, a California corporation, and James S. Burns, an Individual (collectively "Defendants"), and/or alter egos and/or successor entities, as follows:

1. Defendant Integrity Company, Inc. *dba* Integrity Painting entered into the Northern California Painters Master Agreement between District Council 16 and Northern California Painting and Finishing Contractors Association (the "Master Agreement"). In addition, Defendant

James S. Burns personally guaranteed all amounts due to the Trust Funds by Defendant Integrity Company, Inc. *dba* Integrity Painting pursuant to the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds (the "Employer Agreement"). The Master Agreement and the Employer Agreement are collectively referred to hereinafter as the "Bargaining Agreement." The Bargaining Agreement is still in full force and effect.

2. Defendant James S. Burns, as the RMO/CEO/President of Defendant Integrity Company Inc. *dba* Integrity Painting, confirms that he is authorized to enter into this Stipulation on behalf of Defendant Integrity Company Inc. *dba* Integrity Painting. Defendants collectively specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entering Judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendants join or merge, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendant James S. Burns is an officer, owner or possesses any controlling ownership interest, (such as Dream Works Construction). Defendants and all such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings herein, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

3. Defendants have become indebted to the Trust Funds as follows:

| Work Month | Total Contributions Reported Due | Unpaid Contributions | 20% Liquidated Damages[1] | 5% Interest (thru 6/16/15) | Subtotal Due |
|---|---|---|---|---|---|
| 12/13 | $2,315.28 | $2,315.28 | $463.06 | $158.90 | $2,937.24 |
| 1/14 | $3,219.60 | $3,219.60 | $643.92 | $208.61 | $4,072.13 |
| 3/14 | $2,334.21 | $2,334.21 | $466.84 | $131.74 | $2,932.79 |
| 5/14 | $1,170.78 | $1,170.78 | $234.16 | $56.29 | $1,461.23 |
| 7/14 | $10,302.72 | $10,302.72 | $2,060.54 | $407.87 | $12,771.13 |
| 8/14 | $15,772.38 | $15,772.38 | $3,154.48 | $559.60 | $19,486.46 |
| 9/14 | $13,522.32 | $13,522.32 | $2,704.46 | $422.34 | $16,649.12 |
| 10/14 | $11,751.54 | $11,751.54 | $2,350.31 | $318.74 | $14,420.59 |
| 11/14 | $2,334.21 | $2,334.21 | $466.84 | $53.40 | $2,854.45 |

---

[1] Liquidated damages are calculated on the total reported due, per the terms of the CBA and Trust Agreements.

| Work Month | Total Contributions Reported Due | Unpaid Contributions | 20% Liquidated Damages[1] | 5% Interest (thru 6/16/15) | Subtotal Due |
|---|---|---|---|---|---|
| 1/15 | $775.60 | $2.00 | $155.12 | $0.35 | $157.47 |
| 2/15 | $7,863.20 | $120.32 | $1,572.64 | $43.67 | $1,736.63 |
| 3/15 | $1,878.00 | $0.00 | $375.60 | $2.83 | $378.43 |
| 4/15 | $465.36 | $0.00 | $93.07 | $0.13 | $93.20 |
| | | | | Total due, as shown above (through 6/16/15): | **$79,950.87** |
| | | | | Attorneys' Fees (through 6/21/15): | $8,381.50 |
| | | | | Costs (through 6/21/15): | $519.90 |
| | | | | Payment Made Via Cashier's Check on 1/23/15: | ($15,000.00) |
| | | | | **TOTAL JUDGMENT:** | **$73,852.27** |

4.  Defendants shall *conditionally* pay the amount of **$59,111.23,** representing all of the above amounts, less liquidated damages in the amount of **$14,741.04**. *This waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)   Beginning on **June 30, 2015**, and on or before the last day of each month thereafter for a period of six (6) months, through and including **November 30, 2015,** Defendants shall pay to Plaintiffs the amount of **$1,000.00** per month;

(b)   Beginning on **December 31, 2015**, and on or before the last day of each month thereafter for a period of eighteen (18) months, through and including **May 31, 2017,** Defendants shall pay to Plaintiffs the amount of **$3,144.00** per month;

(c)   Payments may be made by joint check, to be endorsed by Defendants prior to submission. Payments made by joint check may be applied toward Defendants' monthly stipulated payment provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint check payments in which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation provided the payment is for contributions included in this Stipulation;

(d)   Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(e)   Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from June 16, 2015, at the rate of 5% per

annum in accordance with the bargaining Agreement and Plaintiffs' Trust Agreements;

(f) Checks shall be made payable to the *District Council 16 Northern California Trust Funds*, and delivered on or before each due date to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs;

(g) Plaintiffs may require that Defendants pay electronically by wire transfer;

(h) At the time that Defendants make the twenty-fourth (24th) stipulated payment, Defendants may submit a written request for waiver of their liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with their twenty-fourth (24th) payment. Such waiver will not be considered until and unless all other amounts are paid in full and Defendants' account is otherwise current;

(i) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants in writing, by first class mail and email to integrityco1@yahoo.com, as to the final amount due, including additional interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed to Plaintiffs under this Stipulation. Defendants shall pay all additional interest, attorneys' fees and costs regardless of whether or not Defendants default herein. Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the final stipulated payment due on May 31, 2017; and

(j) Failure to comply with any of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

5. In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written demand to Defendants, by first class mail and email to integrityco1@yahoo.com, to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendants elect to cure said

default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

6. Beginning with contributions due for hours worked by Defendants' employees during the month of **May 2015**, and for every month thereafter until this Judgment is satisfied, **Defendants shall remain current in reporting and payment of contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining Agreement and Trust Agreements provide that all benefit contributions are due on or before the fifteenth (15th) day of the month following the month in which hours were worked and are delinquent if not received by the last business day of that month.

7. Until this judgment is satisfied, Defendants shall **submit all monthly contribution reports and payments directly to Saltzman and Johnson Law Corporation**. The reports and payments shall be delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, by the last business day of each month. Defendants may submit its monthly contribution reports by email to compliance@sjlawcorp.com, or to such other email address as may be specified by Plaintiffs, by the last business day of each month. All such emails must include Defendant's name in the subject line.

Defendants shall send copies of its contribution reports and payments to the Trust Funds. Plaintiffs may require that Defendants pay contributions electronically by wire transfer. Failure by Defendants to timely submit current contribution reports and payments, or a report of "no employees" if applicable, shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

8. Beginning with the month of June 2015, and for every month thereafter, **Defendants shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall

also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or any other job for which Certified Payroll Reports are required. Defendants' updated monthly job reports and Certified Payroll Reports (if requested) shall be delivered to <u>Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, by the last business day of each month.  Defendants may alternatively submit its monthly job reports by email to compliance@sjlawcorp.com, or to such other email address as may be specified by Plaintiffs, <u>by the last business day of each month</u>. All such emails must include Defendant's name in the subject line.

This requirement remains in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A) indicating that there are no current jobs. **Defendants' first job report (regarding June 2015 jobs) is due on or before June 30, 2015.**

Failure by Defendants to timely submit fully completed monthly job reports and Certified Payroll Reports (if requested and applicable) as described above shall constitute a default of the obligations under this Stipulation and the terms of ¶ 12 shall apply.

9. **Audit:** Should the Trust Funds request an audit of Defendants' payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreements, any failure by Defendants to comply with said request shall constitute a default of the obligations under this Agreement, which Defendants shall have ten (10) days to cure from receipt of written notice from Plaintiffs.

(a) In the event that amounts are found due on audit, Plaintiffs shall send a written demand to Defendants by first class mail and email to integrityco1@yahoo.com, for payment in full of the amounts found due in the audit, including a full copy of the audit report and any findings, including contributions, liquidated damages, interest and audit fees owed.

(b) Defendants will be provided with ten (10) days in which to review the audit,

and provide evidence to contest the findings. In the event that Defendants do not agree with the total found due, Plaintiffs shall provide any additional information or clarification requested by Defendants in writing within ten (10) days of the request therefor, or as soon as reasonably possible, and Defendants' time to respond to the audit report or comply with payment requirements shall then run from the time that Defendants receive Plaintiffs' response. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

      (c)     If the audit is contested, and Defendants provide documentation in support of the dispute, Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

      (d)     If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of Defendants' receipt of the revised billing.

      (e)     If Defendants are unable to make payment in full, Defendants may submit a written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms herein. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

      (f)     Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

10.     Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 12 shall apply.

11.     Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions shall be added to and become a part of this

Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

12. In the event that Defendants fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a) The entire balance of **$73,852.27**, plus interest, but reduced by principal payments received from Defendants, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendants without further notice to Defendants, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants and the balance due and owing as of the date of default;

(c) Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants; and

(d) Defendants shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by Defendants to

Plaintiffs under this Stipulation, whether or not a default occurs herein.

13. Any failure on the part of Plaintiffs to take any action against Defendants as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by Defendants of any provisions herein.

14. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

15. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

16. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and all of their control group members, as provided by Plaintiffs' Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

17. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19. Defendant/Guarantee represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this

Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

20. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: June 29, 2015     **INTEGRITY PAINTING, INC.** *dba* **INTEGRITY PAINTING**

By: _____/S/_____
James S. Burns
RMO/CEO/President of Integrity Painting, Inc.

Dated: June 29, 2015     **JAMES S. BURNS**

By: _____/S/_____
James S. Burns, Individually

Dated: July 7, 2015     **SALTZMAN AND JOHNSON LAW CORPORATION**

By: _____/S/_____
Adrian L. Canzoneri, Esq.
Attorneys for Plaintiffs

Dated: July 7, 2015    By: _____/S/_____
Vince Echevarria, Trustee for Plaintiffs

Dated: June 30, 2015   By: _____/S/_____
Marian Bourboulis, Trustee for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____ July 14, 2015      _____
UNITED STATES DISTRICT COURT JUDGE

-10-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C15-00669-MMC

### EXHIBIT A
### *JOB REPORT FORM*

**Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation
by the last business day of each month**
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104 or via email to
compliance@sjlawcorp.com

**Employer Name: INTEGRITY PAINTING, INC. dba INTEGRITY PAINTING**

Report for the month of _____, 20__ Submitted by: _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** Attach additional sheets as necessary **

-1-
**EXHIBIT A TO JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C15-00669 MMC**

P:\CLIENTS\PATCL\Integrity Painting\Pleadings\Stipulation\Second Revised Judgment\2nd Revised Judgment Pursuant to Stipulation_61715.docx